HAMILTON v. YOUNG et al.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1922.)

No. 3928.

1. Courts ⊜269—Suit held local, within Judicial Code.

A suit in which the relief prayed for and granted was to adjudge complainant half owner of a leasehold estate in property within the district *held* a local suit, within Judicial Code, § 57 (Comp. St. § 1039), of which the court had jurisdiction, though defendant was not served within the district.

2. Joint adventures ⊜5(2)—Interests of parties presumed equal.

Where complainant and defendant together negotiated for and secured a long-term lease on property, which was taken in defendant's name, but complainant made a deposit of $10,000, required to secure the improvement of the property, the presumption is that the parties were equally interested in the lease, and the burden of proving that complainant's interest was less than one-half rested on defendant.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Suit in equity by Mrs. Minnie T. Young against Nathaniel M. Hamilton and others. Decree for complainant, and defendant Hamilton appeals. Modified and affirmed.

Henry P. Dart, of New Orleans, La., and S. P. Sadler, of Dallas, Tex. (Burgess, Burgess, Sadler, Chrestman & Brundide and M. N. Chrestman, all of Dallas, Tex., on the brief), for appellant.

Murphy W. Townsend, D. A. Frank, Lynn B. Milam, and O. O. Touchstone, all of Dallas, Tex. (Nelson Phillips, Louis H. Porter, and Thomas, Frank, Milam & Touchstone, all of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree awarding to the appellee, Minnie T. Young, upon her petition, a half interest in a lease upon a lot and building in Dallas, Tex. The appellant, Hamilton, leased the property from the owner for a term of years, and sublet it to the W. T. Grant Company, reserving rents considerably higher than he agreed to pay. The petition alleges that appellant took title in his own name for the joint benefit of himself and appellee, but refused to account to appellee for her interest.

Appellant, a citizen of Utah, was not served with process, but, upon being personally served with notice of the suit and a copy of the petition, appeared specially and moved to dismiss the suit for want of jurisdiction. The court denied the motion, and appellant, without waiving the question of jurisdiction, defended upon the grounds that appellee was only entitled to a fifth interest in the lease, and that he had made a settlement with her upon that basis. The W. T. Grant Company, Hamilton's lessee, was made a party defendant. It appeared, and in its answer expressed its willingness to make the pay-

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments due under its contract of lease to whomever the court should direct.

Hamilton owned a "ladies' ready-to-wear" store in Salt Lake City, Utah, in which Mrs. Young held a position as saleswoman. While Mrs. Young was with Hamilton's wife in New York for the purpose of purchasing goods, a discussion arose between them as to the advisability of establishing a branch store at Dallas, where Mrs. Young had formerly lived, and where she had been employed in a similar position. Mrs. Young returned from New York by way of Dallas, for the purpose of ascertaining whether she could secure a suitable location. She selected the property which was afterwards leased, interviewed a real estate agent as to the rent which would have to be paid, and returned to Salt Lake City. It was then determined, in the event a branch store should be established at Dallas, that Mrs. Young would be the manager of it, and would also take an interest as a partner in it. Within a few days, Hamilton and Mrs. Young went to Dallas, and they together secured a lease upon the property which Mrs. Young had recommended. The lease was made to Hamilton. It required the lessee to deposit $10,000 to secure certain repairs and improvements, and that amount of money was furnished by Mrs. Young. Immediately upon the lease being signed, a real estate agent stated that he believed it could be sold at a profit, and was invited by Hamilton to ascertain if that could be done. Shortly thereafter, Hamilton and Mrs. Young called upon their attorney, Mr. Saner, who had represented both of them in preparing the lease. At that conference, Hamilton stated that it might be determined to form a corporation, which would own the branch store, and Mrs. Young suggested she ought to have a receipt, or some written evidence that she had put up the deposit. Thereupon Mr. Saner prepared, and Hamilton signed, the following:

"Whereas. I, Nathaniel M. Hamilton, have executed a certain lease from Mrs. Kate Dooley et al. on that certain store known as 1606 Elm street, it being contemplated that myself and associates will form a corporation to engage in the mercantile business in Dallas, Tex., and have agreed in said lease aforesaid to reconstruct the said one-story building now thereon, and to deposit $10,000 in the bank for said purpose: This receipt is acknowledgment that the said $10,000, so deposited for said purposes as specified in said lease, was put up and belongs to Mrs. Minnie T. Young, and it being my purpose and intention and hereby agree that when said company is incorporated that this said $10,000 is to be the amount she is to subscribe in stock, and will be considered as her said subscription therefor fully paid in. I further agree that, in case said lease is sublet or resold, instead of being used for the purposes aforesaid, or said project not carried out as now contemplated, that the said $10,000 will be refunded to the said Mrs. Minnie T. Young."

Mrs. Young left this paper with Mr. Saner for safe-keeping. Thereafter Hamilton sublet the premises to the W. T. Grant Company for a considerable advance in rent. Still later Mrs. Dooley, the owner of the property, joined in the lease to the Grant Company, and canceled the requirement for the $10,000 deposit made by Mrs. Young.

After the Grant Company had paid the first month's rent of $1,000, Hamilton called Mrs. Young into his office and submitted to her a statement, purporting to show the amounts he had theretofore received

and disbursed, and also the profits which would accrue during the life of the lease. The statement shows a gross expense of $12,190, and charges Mrs. Young with $2,438, one-fifth of that amount. It credits her with the deposit of $10,000, and with $200, one-fifth of the rent received. Hamilton tendered Mrs. Young, and she accepted, a check for $7,762, being the difference between the amounts charged and credited to her on the statement. At Hamilton's request Mrs. Young signed, at the bottom of a copy of the receipt prepared by Saner, the following statement prepared by Hamilton:

"Nathaniel M. Hamilton has made full settlement on the above, and I am authorizing my attorney, Saner, Saner & Turner of Dallas, to forward original receipt to Mr. Hamilton."

During the same interview Hamilton wrote the following letter to Saner:

"Inclosed please find check for $500, as per statement inclosed. On the 9th of September, 1919, I signed a receipt to Mrs. Minnie T. Young, for ten thousand dollars ($10,000), which was left in her box in your office. I have made settlement with Mrs. Young. Would like you to mail me that receipt, together with receipted bill for $500."

Hamilton also prepared, and at his request Mrs. Young signed, the following notation on the margin of this letter: "Kindly return paper to Mr. Hamilton." Up to this point, the testimony is undisputed.

Hamilton testified that at the time he delivered the statement and check, and at the time Mrs. Young signed the papers above set forth, she expressed entire satisfaction with what had been done, but that about a month later, and after she had made a visit to Dallas, she claimed that friends of hers had stated to her that she ought to have at least a third interest in the lease. On the other hand, Mrs. Young testified that she was greatly surprised at the position taken by Mr Hamilton with reference to the interest which she should have, and expressed to him her dissent from the settlement he proposed. Hamilton continued to send checks to Mrs. Young for one-fifth of the profits received by him until this suit was brought. Mrs. Young received these checks, but did not cash any of them, except one for $220 received a few days after Hamilton claims the settlement was made.

Hamilton testified that he tentatively arranged for a corporation with a capital stock of $100,000, but no stock was ever issued, because the corporation was never formed.

[1] It is insisted, in the first place, that the suit is in personam, and that the court was without jurisdiction, because the defendant was not served with process within the district where the suit was brought. However, the decree undertakes only to enforce a claim upon property within the jurisdiction of the court. The court was careful to avoid entering any personal decree against the appellant. We are of opinion that, under section 57 of the Judicial Code (Comp. St. § 1039), the court had jurisdiction to enforce appellee's claim to an interest in the leasehold estate. Louisville & Nashville R. R. Co. v. Western Union Telegraph Co., 234 U. S. 369, 34 Sup. Ct. 810, 58 L. Ed. 1356.

[2] On the merits, it is contended that the court erred in awarding to appellee a half interest in the leasehold estate. The parties never agreed otherwise, and the presumption arises that they are entitled to share equally in the profits to be derived from their joint adventure. 15 R. C. L. 502. The burden is therefore upon appellant to prove that appellee's share of such profits is less than one-half. To meet this burden, appellant attempts to prove that appellee assented to a settlement in which her interest was definitely fixed at one-fifth of the profits to be derived from the lease. Upon the question of appellee's assent, the testimony of the interested parties is in direct conflict. In support of his testimony, appellant relies upon documentary evidence, consisting of an acknowledgment of the return of appellee's deposit and of an order upon her attorney to return appellant's original receipt. This documentary evidence cannot fairly be construed to refer to the settlement which appellant claims was made. The acknowledgment and the order were both prepared by appellant, the employer, at his leisure, and were signed upon his demand by appellee, his employee, at a time when a part of her own money was being returned to her, and they refer in terms to the receipt for the money. Under the circumstances, they could not justly be made to relate to anything else. Appellee's testimony as to what was said at and before these papers were signed did not tend to contradict or vary their terms, and the court did not err in overruling objections to it. That testimony related to the important and disputed question of appellee's assent to the proposed settlement. The District Judge, who had the parties before him, decided the conflict in their testimony in favor of appellee, and we are unable to conclude that he erred in doing so.

Objection is made to the allowance of costs out of the rents payable by the W. T. Grant Company, but only upon the theory that the suit is entirely in personam. Inasmuch as we have already held the decree is in rem, it follows that, in our opinion, the objection is not well taken.

The decree provides that the Grant Company shall pay one-half of all rents to each of the parties to the suit. The contracts of lease require that all payments of rents be made to Hamilton, unless he should be in default, in which event the payments are authorized to be made direct to Mrs. Dooley. It is also true that Hamilton is obligated to Mrs. Dooley for the entire rent. It is possible, though highly improbable, that Mrs. Young might fail to pay her proportion of the rent to Mrs. Dooley. The W. T. Grant Company offers to pay the rents to any of the interested parties, in accordance with the decree.

Under the circumstances, it probably would be better to require the Grant Company to pay to Mrs. Dooley the rent reserved to her, and to pay to appellant and appellee only the surplus and profits which come to them under the lease. It is therefore ordered that the decree be modified, by striking out of it the following paragraph:

"It is further ordered, adjudged, and decreed by the court that all rents hereafter payable by the said W. T. Grant Company, a corporation, in and under its said lease shall be paid by said W. T. Grant Company one-half to the plaintiff and one-half to the defendant. Nathaniel M. Hamilton,"

and by inserting in lieu thereof the following:

It is further ordered, adjudged, and decreed that the said W. T. Grant Company, a corporation, pay to Katherine M. Dooley, and her husband, Leslie B. Dooley, all rents hereafter payable to them by defendant Nathaniel M. Hamilton, by and under the several contracts or leases hereinabove mentioned, and that the said W. T. Grant Company pay the balance of all the rents hereafter payable to defendant Nathaniel M. Hamilton by and under said contracts or leases, one-half to the plaintiff Minnie T. Young, and one-half to the defendant Nathaniel M. Hamilton.

The decree is modified accordingly, and, as so modified, is affirmed.