SUGARMAN IRON & METAL CO. et al. v. MORSE BROS. MACHINERY & SUPPLY CO. et al.

District Court, D. Nevada.    February 7, 1927.

No. 199.

1. Courts ⚖=344(1)—Federal District Court cannot issue processes to run into other districts (Judicial Code, § 24 [Comp. St. § 991]).

Federal District Court cannot issue processes to run into other districts, notwithstanding compliance with Judicial Code, § 24 (Comp. St. § 991), in that amount involved exceeded $3,000 and there was diversity of citizenship.

2. Courts ⚖=311—Suit to enforce agreement whereby defendant was to purchase property for benefit of itself and plaintiffs cannot be brought in another district than that of defendant's residence (Judicial Code, § 51 [Comp. St. § 1033]).

Where plaintiffs agreed with defendant that defendant should purchase property for benefit of all, but defendant retained property as its own, suit cannot be brought against such defendant and sellers by process or proceeding in another district than that of their residence, in view of Judicial Code, § 51 (Comp. St. § 1033).

3. Courts ⚖=344(5)—Service on absent defendant under statute should be made wherever he may be found, and also on person in charge of property (Judicial Code, § 57 [Comp. St. § 1039]).

Service of court's order on absent defendant, under Judicial Code, § 57 (Comp. St. § 1039), in suit to enforce lien on or remove incumbrance or cloud from title to property, should be served on absent defendant wherever he may be found, and also on person in charge of property.

4. Courts ⚖=344(5)—In suit to enforce contract whereby defendant was to purchase property for benefit of itself and plaintiffs, service may not be had on absent defendant under statute (Judicial Code, § 57 [Comp. St. § 1039]).

Where plaintiffs agreed with defendant that defendant should purchase property for benefit of all, but defendant retained property as its own, service may not be had on absent defendant in suit to enforce such contract under Judicial Code, § 57 (Comp. St. § 1039), since suit was not to remove cloud on title, and facts established no claim or lien on property.

5. Trusts ⚖=359(1)—Where defendant retained property after agreement to buy for benefit of itself and plaintiffs, plaintiffs' remedy was action for breaking such agreement.

Where plaintiffs agreed with defendant that defendant should purchase property for benefit of all, but defendant retained property as its own, plaintiffs' remedy is personal action for breaking agreement.

In Equity. Suit by the Sugarman Iron & Metal Company and another against the Morse Bros. Machinery & Supply Company and others. On motion to dismiss. Cause dismissed.

Brownstone & Goodman, of San Francisco, Cal., and Platt & Sanford, of Carson City, Nev., for plaintiffs.

Price & Hawkins, of Reno, Nev., for defendant Morse Bros. Machinery & Supply Co.

Thatcher & Woodburn, of Reno, Nev., for defendants Comstock Merger Mines, Inc., and Comstock Milling Corporation.

FARRINGTON, District Judge. The plaintiff Sugarman Iron & Metal Company is a corporation organized under the laws of California, and Morris Davidson is a citizen of the same state. The defendant the Morse Bros. Machinery & Supply Company is a Colorado corporation. The Comstock Merger Mines, Incorporated, is a corporation organized under the laws of Delaware, and the Comstock Milling Corporation is a Nevada corporation. These parties are hereinafter referred to as Sugarman Company, Morse Company, Merger Company, and Milling Company, respectively.

It is alleged in the complaint that in November, 1926, the Morse Company, the Sugarman Company, and Davidson entered into a joint agreement, in which the two corporations were represented by their respective presidents, George G. Morse and Meyer Sugarman. The Merger Company and the Milling Company had operated a large mining and milling plant in Storey county, Nev. The enterprise, however, was unprofitable, and they decided to sell it. The Morse Company, the Sugarman Company, and Davidson became interested, and according to the bill agreed to purchase the property in equal shares and interests as to investment, loss, and profits, and that the contract of purchase should be procured in the name of the Morse Company in behalf of the joint adventure. About December 1st, George G. Morse, president of the Morse Company, went to New York and secured a contract of purchase from the owners. This contract was taken in the name of the Morse Company. That company is now holding the contract for its own exclusive use and benefit, to the total exclusion of plaintiffs, and in repudiation of the joint agreement.

January 4th of this year plaintiffs filed their bill in this court. Their prayer is: First, for an order restraining defendants from removing, dismantling, or selling said property, or any portion thereof; second, for the appointment of a receiver; and third,

for a decree adjudging (a) that the Morse Company entered into and executed said contract of purchase as a trustee for and on behalf of itself and plaintiffs; (b) that the court further adjudge and decree that the said Morse Company, together with plaintiffs, entered into a joint adventure for the purchase and exploitation of the milling properties; (c) that each of said plaintiffs be decreed to have an equal undivided one-third interest in and to said contract, and in and to the properties described in said contract; and (d) for such other relief as may be meet and proper in the premises.

Motions to dismiss the bill for lack of jurisdiction have been presented by defendants, appearing specially for that purpose. These motions are now before the court. The principal contention is between the Sugarman Company and Davidson on the one side, and the Morse Company on the other. [1] Section 24 of the Judicial Code (U. S. Comp. St. § 991), provides that the District Courts shall have original jurisdiction of civil suits at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of different states. In the present case the amount involved exceeds the requisite value, and there is the required diversity of citizenship; but under the general provisions of the law a federal court cannot issue processes to run into other districts. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Robertson v. R. R. Labor Bd., 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119.

[2] And in section 51 of the Judicial Code (Comp. St. § 1033) it is declared that, except as provided in the six subsequent sections, "no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." Confessedly, the Morse Company and the Merger Company are not inhabitants of Nevada; hence the suit cannot be maintained against them, unless permitted by one of the succeeding six sections of the Code. [3, 4] It may occur that a parcel of real or personal property situated in one state is owned by a citizen or citizens living in another, and claimed by or subject to a lien or incumbrance owned by a citizen of a third. Furthermore, it may be that the rights involved can be enforced only in the territorial jurisdiction where the property is located. In such case resort to a federal court may be as desirable as anything provided for in section 24, and for the same reasons. In order to meet such a situation section 57 of the Judicial Code (Comp. St. § 1039) declares:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated."

This order should be served on the absent defendant, wherever he may be found, and also on the person in charge of the property. Clearly there can be no suit to remove a cloud on the title, because plaintiffs are not in possession of the property.

The next inquiry is as to whether the facts set up in the bill constitute a claim to real or personal property, or establish the existence of a lien or incumbrance on the plant. According to the bill there was an agreement between Sugarman, Davidson, and Morse that they should jointly purchase the mining and milling property in Storey county on a joint account and adventure, in equal shares and interests as to investment, loss, and profits; that the contract of purchase should be entered into between the owners on the one side and the Morse Company on the other, acting in behalf of the joint adventure. Later the property was bought in the name of the Morse Company, but Morse Company failed to disclose to the Sugarman Company or to Davidson that the contract had been made, concealed the terms thereof, and at the time this suit was commenced was attempting, according to the bill, to dispose of portions of the property, had repudiated its agreement with plaintiffs, and excluded them from any participation in the purchase.

Going to New York and making the contract of purchase in the name of the Morse Company was strictly in accordance with the alleged understanding between plaintiffs and Morse Company. It was in denying the Sugarman Company and Davidson any interest therein that the wrong was done. This was a breach of their agreement. It is true plaintiffs incurred considerable expense in traveling, and also in the investigation of the plant; but they furnished none of the

moneys advanced by Morse Company on the purchase price. They had no part in negotiations with the owners when the contract of purchase was entered into. They cannot and do not question the title of the defendant mining companies, neither are they questioning the title of the Morse Company. The showing is that the two plaintiffs and Morse Company each wanted the contract, but, probably to avoid competition among themselves, they entered into the agreement of joint adventure under which the Morse Company was to take the contract in its own name. Plaintiffs made no bid themselves. Undoubtedly they believed that in making the purchase contract the Morse Company was representing and acting for them, and on behalf of the joint venture.

From the allegations of the bill, and plaintiffs' evidence offered on the hearing of the motion to dismiss, it would seem that Morse Company had no intention of representing plaintiffs, or acting for them in making the contract of purchase. It is easy to conclude that the Morse Company came to the understanding with plaintiffs in order to eliminate them as competitors. Inasmuch as plaintiffs acquired no legal title to the contract or the property, and none of their moneys or means were employed in making the purchase, it is impossible to hold that they acquired any lien upon or claim to the title to the property or to the contract, or that the transaction resulted in creating any incumbrance thereon, within the meaning of section 57 of the Federal Judicial Code.

It may be conceded there was a valuable contract, and that the interest of Sugarman Company and Davidson therein, if established, is valuable. The understanding that the Sugarman Company and Davidson should each with Morse Company be equally interested therein, according to the showing made, is founded on a sufficient consideration, and, though the plaintiffs paid no part of the purchase price, in their bill they offered to do so, and in open court offered to advance all the money necessary to complete the entire purchase.

[5] In this I find nothing which amounts to the fixing of any lien or incumbrance on the property. There is merely a contract which the defendant Morse Company has violated. The remedy is not by asserting or enforcing a claim to the property, but a personal action against the defendant Morse Company for breaking its agreement. This is not to be understood as a decision on the merits of the case. I am simply holding

that the facts do not warrant this court in taking jurisdiction.

The temporary restraining order heretofore entered is discharged, and the cause is dismissed.