### PORTER et al. v. COOKE et al.
### No. 6717.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1933.

Rehearing Denied April 4, 1933.

Harry C. Barker and George O. Durham, both of St. Louis, Mo., and Edward S. Klein and W. Scott Wilkinson, both of Shreveport, La., for appellants.

E. H. Randolph, Allen Rendall, A. B. Freyer, and Elmo P. Lee, all of Shreveport, La., R. A. Fraser, of Many, La., and T. M. Milling, of New Orleans, La., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was a suit in equity brought by the appellants in behalf of themselves and others having or claiming like interests in properties hereinafter referred to. The court quashed the service by publication of process against one of the individual appellees who was a citizen of New Jersey, and dismissed the amended bill as to the other appellees. Allegations of the amended bill show that each of the appellants furnished money to the three individual appellees, Cooke, Gay, and Emlet, for the purpose of being used in exploring for oil and gas and in acquiring oil and gas leases, in which appellants were to have described interests in proportion to the sums severally furnished by them, and that moneys so furnished were used in acquiring, in the names of individual appellees or in the names of appellee corporations for the benefit of individual appellees, described real and personal oil and gas properties located in Louisiana, which the individual appellees claim adversely to the appellants. The amended bill refers to the relationship between the appellants and the individual appellees as a partnership, and it contains prayers that a receiver be appointed and authorized to carry on the business of said partnership enterprise, that above referred to real and personal property be adjudged and decreed to be the property of said partnership, and that an accounting be had between the appellants and the individual appellees. The amended bill contained also a prayer for general relief.

Allegations of the amended bill show that appellants were entitled to equitable relief, whether a partnership relation did or did not exist between them and the individual appellees. Allegations made show that, the individual appellees having been furnished moneys by the appellants for investment in property in the benefits of the ownership of which the appellants were to share, and moneys so furnished having been used by the individual appellees in acquiring properties referred to, a trust resulted in favor of the appellants. Brainard v. Buck, 184 U. S. 99, 22 S. Ct. 458, 46 L. Ed. 449; Haynesville Oil Co. v. Beach, 159 La. 615, 105 So. 790. A consequence of such trust was that, within the meaning of the statute (28 USCA § 118) providing for service by publication on absent defendants, the appellants had an equitable claim to the above referred to property which in equity was in part owned by them. Hamilton v. Young (C. C. A.) 285 F. 223. For the enforcement or protection of the al-

leged equitable claim relief was grantable under the amended bill's prayer for general relief. Hardin v. Boyd, 113 U. S. 756, 5 S. Ct. 771, 28 L. Ed. 1141. We are of opinion that the above-mentioned rulings were erroneous.

The decree is reversed, and the cause. is remanded for further proceedings not inconsistent with this opinion.

Reversed.