**PORTER et al. v. COOKE et al.**
No. 443.

District Court, W. D. Louisiana.
Shreveport Division.

Aug. 1, 1933.

Wilkinson, Lewis & Wilkinson and John T. Guyton, all of Shreveport, La., and Barker & Drury, of St. Louis, Mo., for plaintiffs.

Elmo P. Lee and Wise, Randolph, Rendall & Freyer, all of Shreveport, La., and T. M. Milling and F. L. Hargrove, both of New Orleans, La., for defendants.

DAWKINS, District Judge.

In the above case the defendant Walter E. Cooke has filed exceptions to the jurisdiction rationæ personæ, want of proper verification of the application for a receiver, improper service upon the attorney of the said defendant, and the failure to fix a bond for the restraining order.

I think the court is entitled to take into consideration the original and supplemental bills of complaint filed herein and the exhibits thereto attached, which are made part of the present application for a receiver by reference, and is not required to act alone upon the allegations of this last application, supported by the oath of one of the plaintiff's attorneys.

The question of jurisdiction has already been disposed of adversely to defendant's contention by the Court of Appeals for this circuit, 63 F.(2d) 637.

Both the original and supplemental bills prayed for the appointment of a receiver, and the present application amounts to nothing more than a motion to make said appointment preliminarily, based upon those bills and the allegations now made to show the immediate necessity for this action. I am of the view, in the state of the record, this could have been done by written notice that on a date certain the relief would be asked, without the formality of serving process under the strict rules of practice. The defendants have already been fully informed of the nature of the complaint and what they are to meet, so that the motion for a receiver has the effect merely of stating an emergency, which requires the court's prompt action for the preservation of the subject-matter of the litigation, pending a hearing on the merits. The granting of the restraining order without bond under the circumstances, I think, was within the discretion of the court.

The exceptions will therefore be overruled. Proper decree should be presented.