**A. Alex SHUFORD, Jr., Appellant,**

**v.**

**Roy G. ANDERSON, and Currier & Carlsen, Incorporated, a corporation, Appellees.**

**No. 7853.**

United States Court of Appeals Tenth Circuit.

July 27, 1965.

Rehearing Denied Oct. 14, 1965.

---

Jay L. Gueck, Denver, Colo. (Hindry, Erickson & Meyer, Denver, Colo., on the brief), for appellant.

Robert C. Hawley, Denver, Colo. (Hardin Holmes, William C. Jensen, Ronald S. Luedmann and Ireland, Stapleton, Pryor & Holmes, Denver, Colo., on the brief), for appellees.

Before PICKETT and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

In this diversity suit the lower court held upon the face of the complaint that service of process could not be effected upon an absent but indispensable party defendant because the action was not one in rem within the contemplation of 28 U.S.C. § 1655.[1] From the order of dismissal for lack of venue entered by the district court on defendants' motions,[2] plaintiff-appellant, A. Alex Shuford, Jr., has taken this appeal.

The complaint in substance alleged: That Murphy-Lowell Co., a co-partnership, not a party herein, transferred to the defendant Roy G. Anderson the real property described in the complaint, all located within the State of Colorado, as security for financial aid and assistance; that thereafter the plaintiff Shuford and the defendant Anderson entered into an agreement as joint venturers whereby they agreed to jointly contribute finan-

---

1. 28 U.S.C. § 1655, provides as far as pertinent here that "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain. * * *

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action."

2. The court had entered an order for service by publication which was accomplished ex parte, and a lis pendens had been filed upon the commencement of the action.

cial assistance to Murphy-Lowell Co., and to Lowell-Murphy & Co., a corporation, another non-party; that the plaintiff and the defendant Anderson agreed to share in the profits or losses arising out of this agreement, "and further agreed that each would have a share in the securities given to either or both of them by the corporation and co-partnership as a consideration for their investments." [3] That pursuant to this agreement the plaintiff Shuford delivered to defendant Anderson a check for $150,250.00, but that the said defendant wrongfully and fraudulently violated the terms and covenants of the agreement by applying the amount delivered to retiring a second mortgage owing against the said real property, and entering into an agreement to sell and selling the property to others without accounting to or recognizing the interest held by the plaintiff or the agreement entered into by the parties; that plaintiff is in need of discovery of the use made of said property together with a constructive trust; that the money furnished by plaintiff was used by the defendant Anderson to purchase a note secured by a deed of trust on the property which were by Anderson transferred to the co-defendant, Currier & Carlsen, contrary to the agreement between the parties; that such transfer was made without consideration and that the note and deed of trust now encumbering the property are held by Currier & Carlsen as trustee for plaintiff. Plaintiff prayed, among other remedies, for the enforcement of an equitable lien and a constructive trust, for the appointment of a receiver, and for general relief.

In addition to the allegations above mentioned, and more or less commingled therewith, the plaintiff further alleged in substance that the money was procured by the defendant Anderson from the plaintiff by means of false representations, that there had been a breach of a fiduciary relationship, that the de-fendant had no complete or adequate remedy at law, that there was a necessity of a tracing of all moneys spent and that a complete accounting between the parties was essential. It was further alleged that the defendants had been unjustly enriched in the sum of $150,-250.00, and had received other property and securities rightfully belonging to the plaintiff. The prayer in the complaint also asked "for a complete adjudication of the rights of all of the parties to this action (and) for an order enjoining the defendants from acting in a manner inconsistent with the rights of the plaintiff in the real property", and a second claim asked for the appointment of a receiver to prevent waste of rents, issues and profits.

It was upon the basis of the allegations and demands for relief set out in the last paragraph, going beyond reference to the particular real property involved, that the lower court determined that the action was one in personam and not in rem. The court was of the view that essentially the action was one for the breach of an alleged agreement, or for an accounting, or at most for specific performance of a contract. It referred to the assertions that Anderson did not distribute the funds he received in accordance with the alleged agreement, had been "unjustly enriched" by the money, and had disposed of the property "to make execution unavailable", all of which suggested to the lower court that the plaintiff was seeking in personam relief. It was noted "that the plaintiff does not limit his prayer for relief to an adjudication of the rights * * * in specific property but seeks an adjudication of all rights of the parties", and the conclusion was reached that the action was not maintainable as one in rem in this venue under the provisions of Section 1655. Accordingly, the defendants' motions to dismiss the action were granted.

3. The complaint sets out a specific description of the real property to which Anderson had obtained title from Lowell-Murphy & Co., as theretofore alleged, situated in the County of Grand, State of Colorado

The complaint is not a model of clarity. Its claims and demands may have been excessively broad for the purposes of an action in rem or quasi in rem. Yet essentially it stated a claim to enforce a lien on or a claim to, or to remove an encumbrance against, the title of real property within the District of Colorado. Hence, venue was properly laid in that district and service of process upon the absent defendant as provided by Section 1655 was permissible.[4] The requisite amount being in controversy, the court had jurisdiction on the ground of diversity of citizenship, plaintiff being a citizen of the State of North Carolina and the defendants being citizens of the State of California.

Except as otherwise provided by law, a civil action, jurisdiction of which is founded only on diversity of citizenship, must be brought in a district where all plaintiffs or all defendants reside. Without attempting to delineate the conceptual and developmental aspects of the problem apart from this statute,[5] it is enough for our purposes to note that as to venue, it may be deemed "otherwise provided" with respect to venue if § 1655 applies, although by its terms the latter section refers merely to service of process.[6]

Prayers or demands going beyond in rem relief do not prevent the court from granting the relief to which a plaintiff is actually entitled.[7] The inclusion of broader claims in a complaint does not of itself negate the right to rely upon § 1655 if the allegations actually set out among others the essential foundations of a civil action to enforce a lien upon or claim to real or personal property within the district and other allegations may be deemed incidental to such action.[8] When a claim or lien is sought to be enforced against land within the district, the remedy for an indefinite statement of a claim on which relief may be granted is not dismissal, but the granting of a motion, if one is made, to make more definite.[9] And the fact that to enforce a lien or claim against particular land inquiry must be made of accounts or relationships defining the extent of the lien or claim does not preclude an in rem action.[10]

Hence, apart from mere form or the nature of the evidence that may be necessary to establish the extent of the claim, the inquiry must be whether the complaint states substantially a claim to or lien against the real property situated in the district and specifically described, or whether essentially it comprises a claim merely in personam, with the status of the real property being a mere incidental inquiry.

In Massie v. Watts, 6 Cranch 148, 10 U.S. 148, 3 L.Ed. 181 (1810), Chief Justice Marshall said that "In a case of fraud, or trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the ju-

---

4. The other defendant, Currier & Carlsen, was personally served within the District of Colorado, through its local process agent.

5. See 1 Moore Federal Practice ¶ 0.142[2.-1]. at 1455 (2d ed. 1964) ; 1 Barron and Holtzoff, Federal Practice and Procedure § 72 at 361 (Rules ed. 1960). Note: Local Actions in the Federal Courts, 70 Harv.L.Rev. 708 (1957).

6. Ibid. See also Blume, Actions Quasi in Rem under Section 1655 Title 28 U.S.C., 50 Mich.L.Rev. 1 (1951).

7. Cf. Porter v. Cooke, 63 F.2d 637 (5th Cir. 1933).

8. It has been held that the remedy in such case may be a motion to strike the other claims against absent defendants to the extent that they are not contemplated by Section 1655. See McQuillen v. National Cash Register Co., 112 F.2d 877 (4th Cir. 1940). Since, however, we are not now confronted with the question of the effect of an appearance under § 1655 upon the ultimate relief to be granted by the court, we express no opinion on this problem.

9. Graff v. Nieberg, 233 F.2d 860 (7th Cir. 1956).

10. Ibid. See also Porter Land & Water Co. v. Baskin, 43 F. 323 (C.C.S.D.Calif.1890).

risdiction of that court may be affected by the decree". The defendants in reliance upon this language would dismiss this action as one of "fraud", "trust" or "contract" and hence not cognizable by § 1655. It is true that involved in that case was a breach of duty which amounted to a violation of an implied contract of the parties concerning the title to land; and it was held that the case was triable as one in personam in a jurisdiction other than the one in which the land was situated. Indeed, Massie has become the leading case to sustain in personam jurisdiction in equity for the purpose of compelling conveyances of land in foreign jurisdictions as a remedy for breach of contract or trust or for fraud, or to enjoin the commission of acts outside the territorial jurisdiction of the court in appropriate cases. But that a claim or lien cannot be prosecuted as an in rem or quasi in rem proceeding in reliance upon § 1655 or its statutory predecessors mere'y because such claim or lien is based upon contract, fraud or trust, has since never been suggested by the Supreme Court as far as we can discover; on the contrary, as we shall presently note, quite the contrary has been expressly held. Nor does the possible existence of in personam jurisdiction to compel specific performance or other appropriate equitable remedies in view of fraud, or a trust relationship as to real property where the parties are regularly before the court, necessarily preclude the right to proceed in rem to adjudicate liens or claims as to real property in the jurisdiction in which the property is situated.

In Walker v. Brown, 165 U.S. 654, 17 S.Ct. 453, 41 L.Ed. 865 (1897), the doctrine as expressed in Pomeroy was accepted that "every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands, not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees, and purchasers or incumbrancers with notice". In reversing the lower court for refusing to recognize the existence of a claim in rem, the Supreme Court said: "It is clear that if the express intention of the parties was to create an equitable lien upon the bonds or the value thereof, or if such intention arises by a necesrary implication from the terms of the agreement, construed with reference to the situation of the parties at the time of the contract, and by the attendant circumstances, such equitable lien will be enforced by a court of equity against the bonds in the hands of Brown or against third parties who are volunteers or have notice". If we accept the mooted point that state law can be looked to in determining what is a claim or lien to specific property for the purposes of the federal statute,[11] the result wou!d not be altered.[12]

The complaint in this case, apart from any other theory presented by it, expressly alleges an agreement between Shuford and Anderson that each was to have a share in the property specifically described in the complaint. All of the other allegations in a sense orbit around this alleged agreement. Such an agreement, if sustained by the proof, would clearly create an interest in the land, subject to protection by a local action. The

11. Note Local Actions in the Federal Courts, 70 Harvard Law Review 708, 710–711 (1957); Louisville & N. R. Co. v. Western U. Teleg. Co., 234 U.S. 369, 34 S.Ct. 810, 58 L.Ed. 1356 (1914); Erwin v. Barrow, 217 F.2d 522 (10th Cir. 1954); Miller & Lux, Incorporated v. Nickel, 149 F.Supp. 463 (N.D.Calif.1957).

12. See Austin v. Stephen, 89 Colo. 177, 300 P. 364 (1931); Campbell v. Equitable Securities Co., 12 Colo.App. 544, 56 P. 88 (1899); Kirchhof v. Sheets, 118 Colo. 244, 194 P.2d 320 (1948); Jameson v. District Court, 115 Colo. 298, 172 P.2d 449 (1946).

extent and the nature of the interest would depend upon other allegations or upon legal implications from the relationship of the parties, but the claim would be created by a pre-existing agreement and not merely by the adjudication of the court.

The case of Seymour v. Freer, 8 Wall. 202, 75 U.S. 202, 19 L.Ed. 306 (1869), is instructive from several viewpoints. Involved was a contract between two persons, the one to furnish money, the other to purchase lands therewith and to receive for his compensation one-half of the profits on the sales of the land. The Supreme Court determined under the facts of that case that not merely a personal claim was involved but an equitable interest in the land and that the parties had a "joint interest in the property". The court added: "There is another view of this subject, which we think may properly be taken. The agreement that the property should be sold, and half of the profits paid to Price, was a charge upon the property, and gave him a lien to the extent of the amount to which he should be found entitled upon the execution of the agreement, according to its terms".[13] The defendants' interpretation of Massie, that the existence of an in personam remedy precludes in rem relief was disposed of by the court as follows: "An action at law, sounding in damages, may, undoubtedly, be maintained in such cases for the breach of an express agreement by the trustee, but this in nowise affects the right to proceed in equity to enforce the trust and lien created by the contract. They are concurrent remedies. Either, which is preferred, may be selected. The remedy in equity is the better one. The right to resort to it, under the circum-stances of this case, admits of no doubt, either upon principle or authority. Such, in our judgment, were the effect and consequences of the contract".

In addition to an express agreement for an interest in the specific real property within the jurisdiction of the court, the complaint alleges that the defendant Anderson fraudulently withheld or diverted property from plaintiff under circumstances giving rise to a constructive trust, as well as a lien interest through the joint venture undertaken by the parties. The existing law as to both of these additional features of the case is presaged by Seymour, supra.

■ It now seems authoritatively established that actions to establish and enforce constructive trusts in specific real or personal property having its situs within the jurisdiction of the court are actions quasi in rem within the purview of Section 1655.[14] There are other cases which seemingly take a different view, but to the extent that their factual bases are not significantly different they do not appear to represent the best reasoned cases and are at variance with the rule recognized by the Supreme Court. In Kansas Gas & Electric Co. v. Wichita Natural Gas Co., 266 F. 614 (8th Cir. 1920), it was held that a suit by one foreign corporation against another to enjoin the breach of a contract by the defendant to deliver natural gas to the plaintiff at a point within the state where the suit was instituted, was not a local suit to enforce a lien upon or claim to property. The court said that the object of the statute with respect to such claims or liens was "clearly to enable a party to institute an action in a national court

---

13. The dissenting opinion argued that there was a mere claim in personam, but that the agreement did not give the joint venturer any interest in the property itself. This view was rejected.

14. Jellenik v. Huron Copper Min. Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647 (1900) ; Goodman v. Niblack, 12 Otto 556, 102 U.S. 556, 26 L.Ed. 229 (1881) ; Kelleam v. Maryland Casualty Co. of Baltimore, 112 F.2d 940 (10th Cir. 1940), reversed on other grounds, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941) ; cf. Erwin v. Barrow, 217 F.2d 522 (10th Cir. 1954). See also Seven Oaks v. Federal Housing Administration, 171 F.2d 947 (4th Cir. 1948) ; Midstate Amusement Corporation v. Rivers, 54 F.Supp. 738 (N.D.Wash. 1944) ; McMurray v. Chase Nat. Bank of City of New York, 10 F.Supp. 960 (D.C. Wyo.1935) ; Anderson v. Benson, 117 F. Supp. 765 (D.C.Neb.1953).

when there is a diversity of citizenship, which, being of a local nature, as distinguished from a transitory action, can only be maintained in the district in which the property affected is situated". It was concluded, however, that "[t]here is nothing in this complaint affecting any right, title, or interest to any real or personal property in the district". In Wilhelm v. Consolidated Oil Corporation, 84 F.2d 739 (10th Cir.1936), it was said that constructive service under a predecessor section "is restricted to suits in rem or quasi in rem" but that this statute did not apply to a suit by stockholders of a corporation seeking to rescind the exchange of their stock made in accordance with the terms of a tri-party agreement, since this was an essential prerequisite to the granting to them of the other relief sought, including the claim to the stock, and such other relief was held to be dependent thereon and incidental thereto. The court also pointed out that part of the properties involved was situated outside the State of Oklahoma where the suit was pending, and that, hence, any decree to be effective would of necessity have to operate on the person of the defendants and not upon the properties involved; that should the relief be limited to the properties in Oklahoma, the decree would amount to only a partial recision. And the cases from other jurisdictions do not seriously throw into question the propriety of resort to § 1655 here. Findlay v. Florida East Coast Ry. Co., 68 F.2d 540 (5th Cir.1934); Miller & Lux Incorporated v. Nickel, 149 F. Supp. 463 (N.D.Calif.1957); Sugarman Iron & Metal Co. v. Morse Bros. Mach. & Supply Co., 19 F.2d 589 (D.C.Nev.1927); Mandley v. Backer, 73 App.D.C. 412, 121 F.2d 875 (1941); McQuillen v. National Cash Register Co., 112 F.2d 877 (4th Cir.1940); Dan Cohen Realty Co. v. National Savings & Trust Co., 125 F.2d 288 (6th Cir.1942), and Ladew v. Tennessee Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069 (1910), either sustain personam jurisdiction under the peculiar facts there existing without negating jurisdiction in rem under other allegations, are not in point for other reasons, or seem inconsistent with the settled law in this jurisdiction.

Kelleam, supra, speaks clearly for this circuit. In affirming the trial court's decision in favor of the plaintiff upon substituted service, the court stated that this was an action to impress a trust on real and personal property with a fixed situs and that 28 U.S.C. § 118 (now § 1655) contained the applicable statutory provisions rather than those governing transitory actions. It is true that the Supreme Court reversed on other grounds, holding that it was improper for the federal court to appoint a receiver and to otherwise attempt to adjudicate matters already at issue in a state court proceeding attacking a decree in probate. Notwithstanding the action of the Supreme Court based upon another principle, the law of the case on the point in which we are interested remains to the effect that an action to impress a constructive trust upon specific property held by an alleged wrongdoer may be deemed an in rem or quasi in rem action within the contemplation of § 1655.[15]

There is still another reason why this action may be regarded as one to enforce a lien upon specific property situate within the jurisdiction of the court. While this additional reason is fraught with certain technical difficulties, we are convinced that under the special circumstances of this case it also is a valid basis for regarding the action as a local one.

15. This is impliedly recognized by the Supreme Court of the United States in Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444 (1942). In reversing a lower court's ruling there that jurisdiction could not be exercised over local deposits under the statute authorizing the bringing in of absent parties the court said: "For unlike the situation in Kelleam v. Maryland Casualty Co., supra, the state court which has command over the res has not only not undertaken an adjudication of the controversy; it has referred the matter to the federal court".

An action for the dissolution of a partnership and the settlement of its affairs, or for a partnership accounting in other connections, has usually been regarded as a transitory action the venue of which is determined by the residence of the parties rather than by the location of the partnership assets.[16] But "if the action is primarily one for the disposition of an interest in real estate, and the settlement or accounting of the partnership affairs is merely incidental, the venue may be determined by the location of the realty dealt with".[17] Apart from any specific agreement, a joint adventurer's lien against the property committed to the joint venture may arise as a matter of law. 30 Am.Jur. Joint Adventures § 39 (1958). And title taken by one adventurer in the property committed to the venture may be deemed held in trust for both. 30 Am.Jur. Joint Adventures § 38 (1958).

A broad application of these rules in context with § 1655 would pose difficulties for under them, apart from any specific agreement, a lien might be deemed one growing out of the very suit in which venue is sought to be established, in which event it is commonly accepted that § 1655 would not apply. The latter consideration was one of the persuasive elements considered by the court in McNulty v. Heine, 137 F.Supp. 508 (D.C. Md.1956), citing McQuillen v. National Cash Register Co., 112 F.2d 877 (4th Cir. 1940), cert. den. 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450 (1940), rehrng. den. 311 U.S. 729, 61 S.Ct. 316, 85 L.Ed. 474 (1940), supra, that "[t]he proceeding must be in aid of some pre-existing claim, existing prior to the suit in question and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself." If partnership or joint adventurer's liens arising by operation of law and applied as a result of the proceedings in such cases would establish venue pursuant to § 1655, venue would exist in the case of partnership accountings in almost every case in the district where the partnership had any property. This in our judgment would be an undue extension of the reach of the statute. However, under the peculiar facts of the present case, we do not believe that the involvement of a joint venture bars recourse to § 1655; on the contrary the section should be applied both on the basis of principle and as a practical matter here.

In McNulty v. Heine, supra, the court in declining to apply § 1655, emphasized that the action was "not based upon a claim that the defendant is improperly asserting title to assets which in fact belong to the partnership". The complaint in the case at bar contains little if any indication that the contemplated business of the joint venture was ever actually undertaken by defendants. Hence, an accounting in the partnership sense would be all the more secondary, and clearly subsidiary to relief based upon the withholding of the real property from the agreed joint ownership and the use of the very money advanced by plaintiff to enhance Anderson's antagonistic interest therein. For these reasons, among others, another case more closely in point is Porter v. Cooke, 63 F.2d 637 (5th Cir. 1933), supra, where the petition had alleged that the defendants purchased property for themselves with money furnished by plaintiffs for a joint enterprise and sought an accounting and to recover the property. The trial court held that the action was in personam, 58 F.2d 1033 (W.D.La.1931), but the Circuit reversed, determining that the suit was one to enforce an equitable lien within the meaning of the statute providing for service by publication. Even though the complaint had not expressly asked for the declaration of a resulting trust, the court concluded that where the allegations of the petition showed the right of recovery in plaintiffs on that ground equitable relief was grantable under the prayer for general relief. In Austin v. Stephen, 89

16. Anno: Venue—Partnership Affairs, 33 A.L.R.2d 914 and cases cited therein.

17. Ibid at page 918.

Colo. 177, 300 P. 364 (1931), supra, the Colorado Supreme Court held that an agreement between the owner of a lot and another at the time of the erection of an apartment house providing that one of the persons was to furnish the plans and specifications and pay various charges and that on the completion of the improvements the building was to be offered for sale and the parties were to participate equally in the sale price after deducting costs, created a joint venture and "that whatever else this contract did or did not do, it gave Stephen an equitable interest in the property in question, hence was one 'affecting the title' thereto, and was recordable".[18]

Here it is alleged in effect that the joint venturer had renounced, and through fraud and dereliction of fiduciary duty sought to frustrate, the purposes of the joint venture and to divert specific property from a pre-existing commitment. The lien and claim of the plaintiff as a joint venturer covers specific real property entirely located within the geographical jurisdiction of the court and is premised not only upon the joint venture relationship but upon express agreement. In addition, the basis of a resulting trust appears. Under these circumstances the claim of the plaintiff is one within the contemplation of § 1655. To

hold otherwise would unduly limit the purposes of the statute, would not comport with prior determinations of this court and the Supreme Court of the United States, and would hardly be in keeping with the spirit of modern federal court procedures.[19]

The court also dismissed the action as against Currier & Carlsen, Inc., presumably upon the ground that Anderson was an indispensable party not subject to service of process and that hence the suit could not be maintained even as against Currier & Carlsen, Inc., which was personally served within the jurisdiction. Anderson does appear to be an indispensable party to the controversy.[20] Moreover, without the reach of § 1655 venue would not lie in the District of Colorado because neither plaintiff nor the defendants are residents of that state. 28 U.S.C. § 1391.[21] With Anderson subject to service of process under § 1655, however, by the same token venue in the District of Colorado is established and the indispensable party is brought before the court.[22]

Whether the in rem claim pleaded by plaintiff can be sustained of course will be dependent upon the proof.[23] And as in Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed.

---

18. The significance of Seymour v. Freer, 8 Wall. 202, 75 U.S. 202, 19 L.Ed. 306 (1869) supra, to the same effect is highlighted by the dissenting opinion which had argued that the right to share in the profits of a particular venture may have the effect of rendering a person liable as a partner "but it does not give him any interest in the property itself which was the subject-matter of the adventure".

19. But for the fortuity that both defendants here happen to reside in the same state, such a holding would also deprive a plaintiff in the position of the present plaintiff from any federal forum whatsoever, despite diversity of citizenship between plaintiff and defendants and the location within the district of the property which it is sought to reach.

20. Fed.R.Civ.P. 12 and 19(a). Skelly Oil Co. v. Wickham, 202 F.2d 442 (10th Cir.

1953); St. Louis-San Francisco Ry. Co. v. Blake, 36 F.2d 652 (10th Cir. 1929).

21. "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

22. Barney v. City of Baltimore, 6 Wall. 280, 73 U.S. 280, 18 L.Ed. 825 (1868); cf. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997 (1919).

23. It is worthy of note that in Porter v. Cooke, supra, after jurisdiction under § 1655 was sustained by the circuit court and the case went back to the district court for trial, such trial resulted in an affirmed judgment that there was no trust, no joint venture and no permissible recovery. Porter v. Cooke, 127 F.2d 853 (5th Cir. 1942).

444 (1942), no opinion is now expressed whether even though the in rem claim can be established the entry of a personal judgment will be possible against Anderson under the circumstances of this case.[24]

Reversed and remanded for further proceedings.

## ON PETITION FOR REHEARING

### PER CURIAM.

Appellant Anderson now argues that the judgment of the lower court should have been affirmed because the order and proceedings below for substituted service upon him had been defective. Having hardly more than mentioned this point in his original brief without any supporting argument either in the brief or orally, he well could be deemed to have waived it. J. F. White Engineering Corporation v. United States, 311 F. 2d 410 (10th Cir. 1962); cf. Parrott v. Whisler, 313 F.2d 245 (6th Cir. 1963), and Taylor v. Fee, 233 F.2d 251 (7th Cir. 1956). However, a reference to the record establishes that the present claim in substance is devoid of merit.

There was, indeed, a motion to quash service of summons upon Anderson on the ground that the court's order for publication of summons was defective for failure to require him to appear and plead by a designated day certain, even though the published summons directed him to appear and plead "within twenty days" and he did in fact specially appear within twenty days after the date of the last publication. This motion by Anderson was entitled "Motion to Quash" and also included a demand for dismissal of the action for "improper venue". The plaintiff below, appellant here, did not question the irregularity of the process and there is still undisposed of his motion to the trial court for a new order for substituted service requiring the defendant Anderson to appear and plead by a day certain, in order to meet any contention in that respect. The court ruled upon neither this motion nor upon the motion to quash service of process. On the contrary, not even mentioning these matters, it began its decision with the statement, "The question here involved is one of proper venue". Its conclusions were "that the aims and objects of the action determine that the nature and character of this action is in personam and not in rem and is not maintainable in this venue under the provisions of Section 1655"; and it ordered "that the motions of the defendants to dismiss the action are granted and the complaint is hereby dismissed."

This was the order from which the appeal was taken and the one that we have reversed. The case was remanded "for further proceedings". With venue established, it is to be assumed that the trial court will consider whether previous service of process upon Anderson was irregular or adequate and, depending on such ruling, determine what further action, if any, may be necessary, consistent with our decision, with respect to substituted service of process. These questions were not before us and it would be inappropriate to express any opinion concerning them.

The substance of all other matters presented by the petition for rehearing already has been considered and ruled upon by us adversely to Anderson's present contentions.

The Motion for Rehearing is denied.

24. 2 Moore, Federal Practice ¶ 12.13 (2d ed. 1964); compare McQuillen v. National Cash Register Co., 112 F.2d 877 (4th Cir. 1940), supra; Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., 285 F. 214 (6th Cir. 1922); Anderson v. Benson, 117 F.Supp. 765 (D.C.Neb.1953).