**Eijiro NUNOKAWA, d/b/a Garden Art Landscaping**

v.

**FAIRWAY INVESTMENTS et al.**

**Civ. A. No. 71–C–85.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Jan. 26, 1973.

George R. Pain, Houston, Tex., for plaintiff.

Kipling F. Layton, Corpus Christi, Tex., for defendants.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The Plaintiff brought suit to recover an amount in excess of $10,000.00, based upon a breach of contract. The cause of action involves the landscaping of certain land located within the Corpus Christi Division. There is diversity as between the parties. Some several months after the suit was commenced, Plaintiff amended his complaint, adding additional parties not originally sued, and claiming these additional parties are record owners of the land on which the landscape work was performed. He has now moved the Court to order service on said additional parties, as absent Defendants living in states other than

Texas, pursuant to 28 U.S.C., § 1655, in order to enforce a mechanic and materialmen's lien on that land. The original Defendants, upon whom service has already been made in this diversity action, oppose Plaintiff's motion for service upon the absent Defendants on the ground that the cause of action alleged against them amounts to a suit to foreclose a mechanic's and materialmen's lien in an amount less than $10,000.00, and, therefore, not within the diversity jurisdiction of this Court. 28 U.S.C., § 1332(a).

As we read the pleadings, and in order to simplify the problem, we understand Plaintiff is saying that the original Defendants are indebted to him for something more than $10,000.00; but, he is also asking that he be permitted to foreclose a mechanic's and materialmen's lien, duly filed as required by the laws of Texas, which secures the payment of such debt to the extent of $7,000.00 of the total amount due. He seeks to accomplish the foreclosure via § 1655, which he hopes will supply an in rem action against the land under circumstances where the Texas Long Arm Statute will not reach the record owners. There may be a question whether the work done by Plaintiff for the original Defendants would justify a lien on land owned by the absent Defendants, but this should not affect this Court's jurisdiction.

While the case of Newton v. Inter-American, Inc., D.C., 48 F.R.D. 280, says the requisite jurisdictional amount, apparently referring to the amount secured by the lien to be foreclosed, is essential to invoke 28 U.S.C., § 1655, we are not convinced it is in point here, since the statement referred to was merely dicta; but, if it is, we do not intend to follow it. In Shuford v. Anderson, 352 F.2d 755, at page 759 (10th Cir. 1965), the Court says:

"Prayers or demands going beyond in rem relief do not prevent the court from granting the relief to which a plaintiff is actually entitled. The inclusion of broader claims in a complaint does not of itself negate the

right to rely upon § 1655 if the allegations actually set out among others the essential foundations of a civil action to enforce a lien upon or claim to real or personal property within the district . . . ."

The subject matter of the principal suit before this Court is within the jurisdiction of the Court. However, the Court does get the feeling that, under Section 1655, the in rem action must be predominant. This would not necessarily deny the application of the ancillary jurisdiction of the Court. It would seem where the Court has jurisdiction of the principal action, which is in personam, it would be able to take cognizance of any ancillary proceeding, even though an in rem action, regardless of the amount in controversy, or any other factor that would normally determine jurisdiction. Ancillary jurisdiction exists so that a federal court may effectively dispose of the principal case and do complete justice. That different Defendants are involved doesn't seem to make any difference. 1 Barron & Holtzoff (Wright Ed.), Federal Practice and Procedure, § 23 (1960).

Therefore, the Plaintiff's motion for service on nonresident Defendants is hereby granted, and it is ordered that a summons issue from the Clerk, together with a copy of this order, directing the Defendants named below, to wit,

1. ICM Realty
   600 Third Avenue
   New York, New York 10016
2. Mr. Paul W. Swett, Jr.
   300 Kerneway
   Baltimore, Maryland 21212
3. Mr. Arthur W. Viner
   109 Rosebrook Road
   New Canaan, Connecticut
4. Mr. Stanley R. Fimberg, Trustee
   9777 Wilshire Boulevard—Suite 210
   Beverly Hills, California
5. Mr. Miles L. Colean
   5001 Macomb Road, N.W.
   Washington, D.C. 20016

to appear and plead herein by the first Monday after the expiration of twenty (20) days after having been served.

The Court further orders that the trial date of February 12, 1973, is set aside.