Ruby CONWAY et al.

v.

CHEMICAL LEAMAN TANK
LINES, INC.

Civ. A. No. B–73–CA–225.

United States District Court,
E. D. Texas,
Beaumont Division.

Sept. 9, 1980.

Harold Peterson, Peterson, Petit & Peterson, Beaumont, Tex., for plaintiffs.

Wendell Radford, Benckenstein, McNicholas, Oxford, Radford, Johnson & Nathan, Beaumont, Tex., for intervenor.

Dale Dowell, Rienstra, Rienstra & Dowell, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

### AND

### ORDER

JOE J. FISHER, District Judge.

Early one East Texas morning, two tractor–trailor rigs side–swiped each other as they headed in opposite directions on Highway 90. One truck, although damaged from the impact, managed to stay on the road. The other overturned killing its driver, Robert Eugene Conway.

The Plaintiffs in this action, Ruby Conway, wife of Robert, his two sons, his mother, and Dixie Transport, his employer and the owner of the truck he was driving, filed this action here against the Defendant, Chemical Leaman Tank Lines, Inc. ["Chemical Leaman"] on 19 July 1973. The wife, his two sons, and the mother sought damages for the wrongful death of Robert Eugene Conway. Ruby Conway also brought the action as the personal representative of the estate of her husband claiming damages for pain and suffering. Dixie Transport sought to recover property damage sustained by its vehicle from the collision. The Plaintiffs alleged that the Chemical Leaman truck negligently crossed over the centerline of the highway striking the on–coming vehicle being driven by the deceased.[1]

The action was tried to a jury in June of 1974 and resulted in a verdict and final judgment in favor of the Plaintiffs. On appeal, the United States Court of Appeals

for the Fifth Circuit reversed as to Plaintiff Ruby Conway finding evidentiary error. *Conway v. Chemical Leaman Tank Lines, Inc.*, 525 F.2d 927, 929–30 (5th Cir. 1976). On rehearing, the Fifth Circuit reversed as to all of the Plaintiffs finding that the error was so pervasive that a new trial was required for each of the Plaintiffs. *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 839 (5th Cir. 1976).

A second trial ["Second Trial"] of this action was held in January of 1977. After the jury returned its verdict, the Defendant moved for judgment. The Plaintiffs moved to set aside the verdict and asked the Court to grant a new trial.[2] The Plaintiffs alleged two grounds in their motion. First, they argued that the jury's answers to the interrogatories contained in the verdict form were inconsistent and could not support a judgment. Second, they argued that this Court committed evidentiary error by allowing Arnold Hay, an expert witness of the Defendant on accident reconstruction, to testify during the trial when his name was neither found in the witness list contained in the pretrial order nor supplied to the Plaintiffs' attorney prior to trial so that he could have been subject to pretrial examination.

A judgment was not entered. Rather, this Court granted the Plaintiffs' motion for a new trial finding that the answers of the jury to the interrogatories on the verdict form did "not support a verdict nor a judgment in favor of any party."[3] Significantly, this Court *did not decide* whether admitting the expert testimony of Arnold Hay was a ground sufficient to support a new trial. Thus, the second prong of the Plaintiffs' two–part motion remained undecided as the Plaintiffs and the Defendant prepared for another trial.

1. The Fidelity and Casualty Company of New York ["Intervenor"] interposed a claim for reimbursement of workers' compensation benefits.

2. The motion was filed by the Plaintiffs and the Intervenor. In this memorandum, it is referred to as the Plaintiffs' motion.

3. The order granting the new trial is set out in the opinion of the court of appeals. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 (5th Cir. 1980).

Another trial ["Third Trial"] was held in June of 1977. This trial culminated in a verdict and judgment for the Plaintiffs. The Defendant appealed.

On appeal ["Second Appeal"], the Fifth Circuit focused on this Court's order granting a new trial after the Second Trial. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360 (5th Cir. 1980). In a per curiam opinion, the panel found that error had been committed when the new trial was granted. First, the court concluded that "the jury's answers to the interrogatories are a verdict and *do* support a judgment for the defendant." *Id.* at 362 (emphasis in original). The panel also deemed it necessary to examine whether the evidence admitted at trial was sufficient to support a verdict for the Defendant, apparently seizing upon an oblique, but unintended, reference in the order granting the new trial to "evidence . . . support[ing the] verdict."[4] Here, too, they concluded that this Court erred, this time by abusing its discretion in reweighing the evidence. *Id.* at 367. The court of appeals concluded its opinion by holding "that the second verdict was valid and that there was no need for a third." *Id.* It "reversed and . . remanded with instructions to enter judgment upon that verdict for defendant." *Id.*

Upon receipt of the mandate of the court of appeals, judgment was entered for the Defendant upon the verdict of the jury in the Second Trial. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 487 F.Supp. 647 (E.D.Tex.1980). The Plaintiffs then reurged their motion for a new trial, arguing that so much of their motion that alleged evidentiary error in the Second Trial by admitting the testimony of Arnold Hay was upon receipt of the mandate of the Fifth Circuit again pending before this Court as it had not been decided on appeal by the court of appeals. Oral argument was held.

Because this order is unique, coming as it does after three trials and two appeals, the second of which culminated in a mandate to enter judgment for the Defendant upon the verdict of the jury in the Second Trial of this action, the Court believes that it is necessary to elaborate upon its decision so that its rationale can be more fully understood. There are two issues before the Court: (1) whether the Court has jurisdiction to enter an order granting a new trial; *and* (2) whether there is error in the Second Trial sufficient to warrant a new trial. They are considered in that sequence.

I

A

■ In essence, it is the position of the Plaintiffs that the failure of this Court, and presumably the court of appeals, to decide whether the expert testimony of Arnold Hay should have been admitted at the Second Trial left that much of the Plaintiffs' new trial motion which alleged evidentiary error pending in this Court during both the Third Trial and upon receipt of the mandate after the Second Appeal. This argument, although unique, is not without support.

■ An order granting a new trial is not, except in unusual circumstances, subject to immediate appellate review. C. Wright, *Federal Courts* § 95, at 470 (3d ed. 1976). Rather, the propriety of the grant is reviewable on appeal following entry of a final judgment in the subsequent trial. *Id.* When this occurs and the court of appeals finds that the trial court committed error in allowing a new trial, it is encumbent upon the appeals court to direct that the trial court enter judgment in accordance with the verdict returned by the jury in the original trial. *Id.*

Such was the case here. The court of appeals found that this Court committed error by granting a new trial after the jury returned its verdict in the Second Trial. 610 F.2d at 361. Thus, the Fifth Circuit having found that the jury's answers in the Second Trial constituted a verdict for the Defendant, its mandate on remand directed entry of judgment for Chemical Leaman

4. See note 3.

Tank Lines, Inc. upon the verdict of the jury in the Second Trial.

### B

 "Where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." 1B *Moore's Federal Practice* ¶ 0.404[10], at 571 (2d ed. 1974). Under the doctrine of the law of the case, when a federal court decides an issue and establishes a rule of law to be applied in an action, all federal courts owing obedience to it must apply that rule "to the same issues in subsequent proceedings in that case." *Id.*, ¶ 0.404[1], at 403. Thus, on remand a district court is duty–bound not to change the law of the case as established by the court of appeals unless authorized to do so by the terms of the mandate. *United States v. Fernandez*, 506 F.2d 1200, 1202–03 (2d Cir. 1974).

As the doctrine only applies to issues of law previously decided, see 1B *Moore's Federal Practice* ¶ 0.404[10], at 572 (2d ed. 1974), it is necessary for a trial court to carefully analyze the decision of an appeals court if an appeal has been taken and the action remanded. If the decision of the trial court has been upheld by the appellate tribunal, the task of the trial court is usually simplified insofar as it may conclude that none of the claims of error are well–founded. When, however, the decision of the trial court has been reversed and remanded, as here, a more searching scrutiny is required: the trial court must examine "everything decided, either expressly or by necessary implication." *Munro v. Post,* 102 F.2d 686, 688 (2d Cir. 1939).

### C

When this Court performs that function, it is unable to determine from either the opinion or the mandate whether the Plaintiffs' claim that this Court was in error in admitting the expert testimony of Arnold Hay in the Second Trial was considered and decided on appeal. Thus, in order to avoid the possibility of precluding the Plaintiffs from a forum in which to raise this issue, properly preserved but unresolved after the Second Trial, the Court finds jurisdiction to consider that much of the motion for a new trial which has remained undecided here and, apparently, on appeal. *Cf. Shuford v. Anderson*, 352 F.2d 755, 765 (10th Cir. 1965), *cert. denied*, 383 U.S. 935, 86 S.Ct. 1065, 15 L.Ed.2d 852 (1966).

### II .

 Having concluded that this Court has jurisdiction to consider only that much of the motion for a new trial which has remained undecided by either this Court or the court of appeals, it is necessary for the Court to reexamine the Second Trial to determine whether sufficient error is present to grant the motion.

Under Rule 59(a) of the Federal Rules of Civil Procedure, a "new trial may be granted to . . . any of the parties . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). According to Professor Wright, "[t]he usual grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, *or that, for other reasons, the trial was not fair,* . . .." C. Wright, *Federal Courts* § 95, at 467 (3d ed. 1976) (emphasis added).

This concept of fairness is elaborated upon in the federal practice treatise coauthored by Professors Wright and Miller. They indicate that the district court not only has the power, but indeed the *duty*, to order a new trial whenever in its judgment such "action is required . . . to prevent [an] injustice," 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2805, at 38 (1973), and suggest that "[t]he rule provides a means for relief in cases in which a party has been unfairly made the victim of *surprise*," *id.* (emphasis added). That precept applies here.

It is the Plaintiffs' contention, and this Court agrees, that the use of Arnold Hay's expert testimony, under the facts and circumstances of the case, resulted in a fundamentally unfair Second Trial. Mr. Hay, as a representative of the Defendant, Chemical Leaman Tank Lines, Inc., sat through the first trial in its entirety. Prior to the Second Trial, counsel for the Defendant did not inform the Plaintiffs' attorney that Mr. Hay would be called to testify, although the Court had requested that the parties exchange witness lists prior to trial. Nor did counsel for Chemical Leaman give the Plaintiffs any other prior notice that Mr. Hay would be called.

During the Second Trial, Mr. Hay presented strong testimony detrimental to the Plaintiffs' case. He testified that the tire marks previously identified as having been made by the Chemical Leaman truck were made by a different style of truck; that due to "feathering" the brakemarks on the side of the road which had been travelled by the decedent's truck could not have been caused by that truck; and that the brakemarks allegedly left by the Chemical Leaman truck were merely marks left by a later vehicle which had travelled through the asphalt spilled on the highway. In sum, it was Mr. Hay's opinion that the truck driven by the decedent was *across* the centerline of the highway and that there was nothing the driver of the Chemical Leaman truck could have done to have avoided the accident.

Because it is clear that the action of this Court in overruling the objection of counsel for the Plaintiffs to Mr. Hay's testimony resulted in admitting evidence which was both surprising and damaging, the Court is of the opinion that this unfairness should be remedied by granting a new trial. This Court is unable to gauge the effect of this testimony on the minds of the jurors, nor can it measure the prejudicial impact to the Plaintiffs in the preparation of their case.

The motion for new trial is granted.

### III

Although the Court firmly believes that the path it chooses today is the correct one, it acts not without peradventure. Indeed, it is well aware of the obligation placed upon a lower court to conform its conduct to the mandate of a higher authority. And it is cognizant that the mandate of the Fifth Circuit following the Second Appeal in this action may not have been intended by that court to allow this Court to consider a motion for a new trial.

It is also aware that the court of appeals retains the power to reform its mandate after issuance, *National Surety Corp. v. Charles Carter & Co.*, 621 F.2d 739, 741 (5th Cir. 1980); *Sparks v. Duval County Ranch Co.*, 604 F.2d 976, 979 (5th Cir. 1979), and that if further "clarification is . . . necessary a motion to the [court of appeals] is a proper method of obtaining a clarification of the mandate." 6A *Moore's Federal Practice* ¶ 59.16, at 59–295 (2d ed. 1979). It is unclear, however, that the court of appeals would entertain such a motion, since the Plaintiffs' claim that it was error to admit the expert testimony of Arnold Hay was not resolved by this Court prior to review in the Fifth Circuit. *Shuford v. Anderson*, 352 F.2d 755, 765 (10th Cir. 1965), *cert. denied*, 383 U.S. 935, 86 S.Ct. 1065, 15 L.Ed.2d 852 (1966).

Accordingly, the Court believes that insofar as this order sustains the jurisdiction of this Court to decide the motion for a new trial (Part I), it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from th[is] order may materially advance the ultimate termination of th[is] litigation." 28 U.S.C. § 1292(b).

### ORDER

The motion of the Plaintiffs and Intervenor for a new trial is GRANTED; Part I of this memorandum opinion and order is CERTIFIED for immediate appellate review pursuant to § 1292(b) of the Judicial Code, 28 U.S.C. § 1292(b); and further proceedings in this cause in the United States District Court for the Eastern District of Texas are STAYED pending the decision of

the United States Court of Appeals for the Fifth Circuit.

*It is so ordered.*