**ARMOUR & CO. OF DELAWARE v. B. F. BAILEY, Inc.**

**No. 10471.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 22, 1942.

R. R. Saunders and Thomas E. Swanson, both of Fort Lauderdale, Fla., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action brought by appellant against B. F. Bailey, Inc., a Florida corporation, to recover upon three promissory notes executed by B. F. Bailey individually, and to fix a lien upon real estate owned by the corporation to secure the payment of the judgment. It is difficult to ascertain the exact theory upon which the action against the corporation is founded, but it is claimed that the lands were conveyed by Bailey to the corporation with intent to defraud future creditors; that Bailey continued to exercise complete dominion and control over the property after the conveyance; and that the corporation received the benefit of the purchases giving rise to the debt. B. F. Bailey was not alleged to be insolvent, and was not made a party to the suit.

Prior to the adoption of the rules of civil procedure, a creditor could not maintain an action to set aside a fraudulent conveyance in the federal court until he had reduced his claim to judgment.[1] This rule was abrogated by rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that claims previously cognizable only after another claim had been prosecuted to a conclusion may be joined together in a single action. By its express terms this rule contemplates a joinder of the action to set aside the conveyance with the action to establish the claim, the former being ancillary to and dependent upon the latter, and the debtor being an indispensable party.[2] Since B. F. Bailey was not made a party defendant, the court properly dismissed the bill in so far as it sought to have the conveyance set aside. We do not mean to suggest that the joinder of Bailey as a defendant might produce a different result, since the evidence shows and the court below found, that Bailey was in good financial condition and was not indebted to any one when the conveyance was made; that no credit was extended on the faith of any misrepresentations of fact; and that there was no present, existing intention on the part of Bailey to defraud this creditor or

C. L. Chancey, of Ft. Lauderdale, Fla., and Chas. J. Regero, of Jacksonville, Fla., for appellant.

---

[1] Scott v. Neeley, 140 U.S. 106, 11 S. Ct. 712, 35 L.Ed. 358; Cates v. Allen, 149 U.S. 451, 13 S.Ct. 883, 37 L.Ed. 804.

[2] Moore's Federal Practice, Vol. 2, page 2131.

any other creditor by the device of conveying his property.

■ Appellant also takes the position that the corporation was merely the alter ego of Bailey; that he was acting for the corporation in his dealings with appellant; that it secured the benefit of the extensions of credit; and that it should be held accountable for all or part of the indebtedness. The evidence does not support this contention. The creation of the corporation and the conveyance of the lands to it were valid. The farming operations were conducted by Bailey individually, and the purchases from appellant were made by Bailey in furtherance of his personal venture and upon his personal credit. We find nothing in the record to warrant the imposition upon the corporation of responsibility for the personal debt of Bailey.

The judgment is affirmed.