**DALEY v. ORT et al.**

Civ. A. No. 51–499.

United States District Court
D. Massachusetts.

May 24, 1951.

152

---

Edward J. Fox, William E. Weeks, Boston, Mass., for plaintiff.

Paul T. Smith, Manuel Katz, Boston, Mass., for defendants.

FORD, District Judge.

This diversity case was heard on the return day of the summons to show cause on the plaintiff's motion for an injunction seeking to restrain the individual defendant from alienating or encumbering shares of the individual defendant in several corporations.

The main claim in the case is one for damages for assault upon plaintiff and economic interference.

This suit attempts to equitably attach the defendant Isadore Ort's shares in the named corporations to secure whatever judgment is obtained in the plaintiff's suit for damages. If the suit could be called a creditor's suit under § 3(7) of Ch. 214 of the Massachusetts General Laws (Ter.Ed.), this court has no jurisdiction. See Hollins v. Brierfield Coal & Iron Co., 150 U.S. 371, 14 S.Ct. 127, 37 L.Ed. 1113; Smith v. Lloyd, D.C., 207 F. 815; and Mathews Slate Co. v. Mathews, C.C.Mass., 148 F. 490. However, I do not believe it is a creditor's suit to reach and apply. Plaintiff is not a creditor seeking payment of a debt. Kilbourne v. Standard Stamp Affixer Co., 216 Mass. 118, 103 N.E. 469.

If plaintiff seeks an equitable attachment, which I believe he does, I find no authority for such procedure before verdict under Massachusetts (cf. Rule 64, Fed. Rules Civ.Proc. 28 U.S.C.A.) or federal law. There is authority for an equitable attachment under Massachusetts law after verdict. (Cf. Mass.Gen.Laws (Ter.Ed.) Ch. 223, § 86A.) We have not that situation here.

The motion for an injunction must be denied.

The action will stand in this court as an action at law and there will be stricken from the complaint all paragraphs asking for injunctive relief. Under these circumstances there will be presented a claim upon which relief can be granted, jurisdiction being based on diversity of citizenship.