George GRAFF, Plaintiff-Appellant,

v.

Samuel NIEBERG and Ida Nieberg, Defendants-Appellees.

No. 11657.

United States Court of Appeals Seventh Circuit.

May 23, 1956.

Christian E. Heiligenstein, East St. Louis, Ill., Philip G. Listeman, James H. Bandy, East St. Louis, Ill., for plaintiff-appellant.

Harold A. Donovan, East St. Louis, Ill., William J. Becker, Clayton, Mo., for defendants-appellees.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In the district court plaintiff, a citizen of Missouri, sought to impress certain land in St. Clair County, Illinois, within the Eastern District of Illinois where his suit was instituted, with a lien as provided by Title 28, U.S.C. § 1655, averring that, though the record title to the land was in defendant Ida Nieberg, in reality it belonged to defendant Samuel Nieberg, the husband of Ida, each of whom is now a citizen of Florida. Plaintiff asked that the court find that Samuel Nieberg was indebted to him in a sum in excess of $52,000 and award him a lien upon the property to secure the same. Substituted service was had as provided by Sec. 1655. Samuel Nieberg filed a motion to dismiss on the ground that the complaint failed to state a claim against him upon which relief could be granted. Ida filed a separate motion to dismiss on the same ground, and in addition, for the further reason, as she averred, that the court had no jurisdiction because plaintiff and both defendants reside out of the district. Neither motion reserved any personal privileges of either defendant.

The court allowed both motions, holding that the complaint "does not state an action for the enforcement of a lien against real estate located in the district within the scope and meaning of Section 1655." Later the court entered a supplemental order to the effect that the dismissal of the suit was without prejudice to plaintiff's right "to recommence his action in a court of proper jurisdiction." It would seem that the intent of the order thus supplemented was to hold not only that plaintiff had failed to state a valid claim, but also that the court was without jurisdiction.

Section 1655 provides that where an action is brought to enforce a lien upon property within the district, the court may order the absent defendants to appear; that, if they do not appear, the court may proceed as if they had been served with process within the state, but that the adjudication shall, as regards the absent defendant, affect only the property which is the subject of the action. In other words, the action is *in rem*. Under this statute the jurisdiction of the court depends not at all upon the citizenship of the parties but solely upon

the location of the property within the district. Consequently, other statutory provisions requiring that suits *in personam* be brought in the district court where either the plaintiffs or defendants reside do not apply. It is obvious that, on plaintiff's theory of the case, he properly invoked the jurisdiction of the United States Court for the Eastern District of Illinois in an attempt to reach land located within that district, if his complaint stated a claim upon which relief could be had.

The averments are that plaintiff is the owner of certain real estate in St. Louis, which he leased to the Sun Amusement Corporation, in which Samuel Nieberg was interested; that the lease contemplated extensive improvement of the real estate; that plaintiff refused to execute the lease until and unless Nieberg and certain others should first agree to protect him against liability on account of mechanic liens which might be filed against the property for unpaid material and labor bills; that, to induce the plaintiff to enter into the lease, Nieberg on April 15, 1950, at the same time the lease was executed and delivered, delivered to plaintiff a written contract whereby he and his son, who is not a party to this suit, agreed to save plaintiff harmless from any liability on account of any mechanic liens that might "thereafter be filed" against the Missouri real estate and to pay plaintiff "upon demand, all sums necessary to discharge any such liens"; that this indemnity agreement specifically provided that Samuel Nieberg would save plaintiff harmless from mechanic liens, and that the indemnitors and each of them would "pay to second party (plaintiff), upon demand, all sums necessary to discharge any such lien * * * or furnish adequate security satisfactory to the second party for the payment thereof."

The complaint further averred that mechanic liens were incurred and filed, aggregating $52,021.43, becoming liens upon plaintiff's Missouri real estate; that plaintiff requested the indemnitors to pay and discharge them or to furnish security for the payment thereof, but that each failed and refused to do so, and failed to save plaintiff harmless; that plaintiff, in order to discharge the liens was "obligated to and did pay and discharge the same", and that plaintiff has been damaged by reason of said breach of contract in the sum of $52,021.-43.

Plaintiff further charged that Samuel Nieberg, in a deed recorded July 25, 1950, conveyed the Illinois property to one Bonaga, and caused the latter to execute a deed conveying it to Ida Nieberg and two other persons; that both deeds were recorded on July 25, 1950, but bore dates of February 2, 1950; that, despite the conveyances, the property then was and now is that of defendant Samuel Nieberg; that no other person has any interest therein or paid any consideration therefor, and that the conveyances were made for the fraudulent purpose of placing the real estate of Samuel Nieberg beyond reach of his creditors. Plaintiff prayed that the court find that Samuel Nieberg is indebted to him in the sum of $52,021.43 with interest; that plaintiff be declared to have a lien upon the real estate in St. Clair County, Illinois, to secure the same, and that the conveyances mentioned be vacated and set aside as against his lien.

■■ Under Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C., whenever a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two may be joined in a single action, and, specifically, plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him without first having a judgment establishing his claim for money. Thus, notwithstanding the previous rule that, under certain circumstances, judgment must be obtained and execution returned *nulla bona,* in view of Rule 18(b), there is no longer any necessity of obtaining such judgment but plaintiff may pursue his demand for judgment and his suit to have the conveyance set aside in one suit, without further formality. Wynne v.

Boone, 88 U.S.App.D.C. 363, 191 F.2d 220; Armour & Co. of Delaware v. B. F. Bailey, Inc., 5 Cir., 132 F.2d 386; Dubia v. Ebeling, D.C., 30 F.Supp. 992. It follows that the plaintiff rightfully asked the court to find that defendant Samuel Nieberg was indebted to him, and to join with that demand another that a lien in his favor be impressed upon the property belonging to Nieberg but held by persons who had paid no consideration therefor.

Defendants argue that plaintiff failed to make averments of fact which would justify the court in granting to him a lien in pursuance of the breach of the indemnity agreement. They argue that plaintiff's claim against Samuel Nieberg did not rightly come to fruition until 1951, when he satisfied the liens, whereas the property had been conveyed by plaintiff in February of 1950. In other words, they contend that there is no right to avoid conveyances unless the complaining party was a creditor before the alleged fraudulent transfer was effectuated.

In this connection, we must bear in mind section 30 of the Conveyance Act of Illinois, Ill.Rev.Stat.1949, chapter 30, § 29, which provides that deeds which may be recorded shall take effect and be in force from and after the time of filing the same for record and not before, as to all creditors and subsequent purchasers without notice. Consequently, the deeds, though dated February 20, 1950, not having been recorded until July 1950, were effective against plaintiff and other creditors only after the date of recording. In the meantime, in April, 1950, the indemnity agreement breach of which is asserted had been executed. Thus, the specific question raised in this respect is whether plaintiff must be classed as a subsequent creditor because his claim did not ripen into specific amounts until later, after the mechanic liens had become effective and he had paid the same, or whether he was a creditor from the time of the execution of the indemnity agreement.

In an early case in Illinois, Choteau v. Jones, 11 Ill. 300, at page 318, the State Supreme Court said: "The relation of debtor and creditor between principal and surety, so as to entitle the latter to avoid a voluntary conveyance made by the former, commences at the date of the obligation by which the surety becomes bound, and not from the time he makes payment." This rule was adhered to in Ramsay's Estate v. Whitbeck, 183 Ill. 550, at page 567, 56 N.E. 322, at page 326, where the court said: "When a surety signs a bond, the law raises an implied promise by the principal to reimburse the surety for any loss which he may sustain, and when a loss occurs this implied contract of indemnity relates back, and takes effect from the time when the surety became responsible. * * * Under this rule, when the sureties signed the bond of Ramsay the law implied a promise on his part to indemnify and save them harmless from all loss which they might sustain by reason of such signing, and when they made up the deficit this implied promise related back to the date of bond." And in Evans v. Illinois Surety Co., 298 Ill. 101, 113, 131 N.E. 262, 266, the court held that: "The relation of debtor and creditor between principal and surety commences at the date of the obligation by which the surety company becomes bound, and not from the time it makes payment." See also Hatfield v. Merod, 82 Ill. 113, and O'Connell v. Nelson, 281 Ill.App. 327, where many authorities were reviewed. In other words, the liability is alive and effective, whether absolute or contingent. The injured party is a creditor in either case. Dunphy v. Gorman, 29 Ill.App. 132; Landers, Frary & Clark v. Vischer Products Co., D.C.Ill., 104 F.Supp. 411. Consequently, under Illinois law, plaintiff had been a creditor at all times from and after the date of the execution of the indemnity agreement, April 15, 1950, whereas the conveyances became effective against him later, in July, 1950. Indeed, the courts of Illinois have gone much further. Thus, in McKey v. Cochran, 262 Ill. 376, at page 385, 104 N.E. 693,

and Franceschi v. Franceschi, 326 Ill. App. 494, 508, 62 N.E.2d 1, the courts held that conveyance of land by a debtor in trust for him is fraudulent as to his creditors and is void as to both "existing and subsequent creditors, as the fraud is a continuing one."

 Defendants assert that plaintiff has made no sufficient allegation that he has been compelled to pay the mechanic liens on his Missouri property. It is the intent of the Rules of Civil Procedure that pleadings shall be simple and direct. Bearing this in mind, it seems clear that the averments of the complaint are sufficient. They are to the effect that the liens were filed, that they became valid, that suit was brought upon them, and that plaintiff, after having vainly demanded payment by defendant, was "obligated to pay and discharge the same." This, we think, was a sufficient averment under the spirit and intent of the rules, especially in view of the fact that, if defendants wished a more certain or definite statement of the facts, they had a right under the rules to make a motion to that effect. They still have that right. See Federal Rule of Civil Procedure 12 (e).

It follows, we think, conclusively, that plaintiff asserted a valid claim under the Federal Rules, that he properly invoked the jurisdiction of the district court seeking a lien against property located in the district, that, under the Illinois authorities, he was not a subsequent creditor, and that the court erroneously dismissed the claim for failure to state a claim upon which relief could be had.

It is unnecessary, we think, to consider further the alleged lack of jurisdiction. We have pointed out that jurisdiction *in rem* existed and, moreover, if there were any question about it, it would seem clear that defendants, by entering their general appearance in moving to dismiss, waived any right, if they ever had any, to question jurisdiction over their persons. The right to be sued in a certain place is a matter of privilege. It may be waived. McNutt v. General Motors, etc., 298 U.S. 178, 183, 56 S. Ct. 780, 80 L.Ed. 1135; Interior Construction & Imp. Co. v. Gibney, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401; Eldorado Coal & Mining Co. v. Mariotti, 7 Cir., 215 F. 51.

Of course, if defendants had not waived their objection to the venue, i. e., to the court's jurisdiction over them personally, the court would, under Section 1655, have had no power to enter judgment *in personam* against them, for, in such case, the court would have had no jurisdiction of their persons but only jurisdiction of the *rem*. However, it is clear that under Section 1655, the court had a right to determine what, if anything, Samuel Nieberg owed plaintiff, not as a personal judgment, but as a basis for establishment of plaintiff's lien. But having waived the question of personal privilege by submitting themselves to the court, neither defendant can now object to jurisdiction over them for all purposes.

The judgment is reversed with directions to proceed in accord with this opinion.