Margery G. HUNTRESS, Plaintiff-Appellant,

v.

ESTATE of Carroll B. HUNTRESS, deceased, Geneve Huntress et al., Defendants-Appellees.

No. 11633.

United States Court of Appeals Seventh Circuit.

July 3, 1956.

Rehearing Denied Aug. 27, 1956.

Arthur C. Rooney and John J. Meyer, Chicago, Ill., for appellant.

George S. Stansell, Chicago, Ill., Hamilton Smith and John J. Cassidy, Jr., Chicago, Ill., for appellee Geneve Huntress.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, a citizen of Illinois, brought suit in the district court against the estate of her deceased former husband Carroll B. Huntress, his surviving second wife, Geneve Huntress, of New York, the Continental Illinois National Bank and Trust Company of Chicago, as Trustee, of Illinois, and the Continental Assurance Company, likewise of Illinois, averring that at the time of his death the deceased was indebted to her in a substantial sum and seeking to recover certain insurance carried by the Continental Assurance Company on the life of the deceased and certain trust funds held by the Continental Illinois National Bank and Trust Company for the benefit of the deceased, and to restrain the payment or transfer of any of these funds to Geneve Huntress pending the litigation. The insurance company and the bank were made parties defendant as stakeholders holding the property which plaintiff averred "rightfully belonged to her."

After the court had overruled the bank's motion to dismiss for want of jurisdiction, the latter answered the amended complaint. Still later Geneve Huntress entered a general appearance by filing a motion to dismiss upon the ground that the amended complaint failed to state a claim upon which relief could be granted, which the court, on October 6, 1955, sustained. From the judgment of dismissal plaintiff appeals.

Plaintiff averred that she was formerly married to the deceased; that, in September 1931, she and he, her then husband, entered into an agreement whereby he agreed to maintain and keep in force life insurance in the principal sum of $30,000, payable upon his death to her, provided she survived; that the deceased not only contracted to carry the insurance and to educate their four children, but also conveyed to her one-third of all his interest in and to any inheritance that might come to him from the estate of his father, and agreed to execute such further instruments as might be necessary to give effect to the transfer. She averred that, despite these provisions, decedent, in his lifetime, received sums of money from the estate of his father; that he failed to make payment to her as provided; that, though the agreement provided that he would pay her one-third of his salary, then in excess of $1,000 per month, she had, in fact, received only a small portion thereof; that at the time of his death he was maintaining life insurance in the sum of $4,000, payable, however, to defendant Geneve Huntress; that he had an interest in a trust fund held by defendant Continental Illinois Bank and Trust Company aggregating some $26,000; that, though she had complied with the agreement, defendant had not maintained insurance for her and had failed to perform his contractual obligations in practically all respects; that

at the time of his death all his property stood in the joint names of himself and his second wife; that a part of the trust fund had been remitted to Geneve, and that the balance would be paid to her if the court did not restrain the bank. She prayed that the court declare that "the said contract constitutes an equitable assignment of the funds to plaintiff"; "that, because of the fraudulent acts as aforesaid, a trust be imposed on said funds"; that specific performance of the contract be decreed and that she have such other and further relief as the court might deem just and equitable, including an injunction restraining the bank and the insurance company from making payment of the funds to any one until the further order of the court.

The trial court, in dismissing the suit, commented that the plaintiff was seeking to impose a trust on the pension fund; that Geneve, the deceased's second wife, took the position that plaintiff's action was in the nature of a creditor's bill which must fail because she had not obtained a judgment against the debtor; that plaintiff's position was that she had no adequate remedy of law; and that the property claimed does not belong to the estate, but to her. The court concluded by stating that, inasmuch as plaintiff is a mere creditor and the *res* did not come into existence until after the contract was made, the suit could not be entertained.

Defendant Geneve in her brief, states that plaintiff "seeks to reach and apply to her claim assets which she claims belonged to decedent at the time of his death; [that] this is in effect a creditor's bill." She argues that, inasmuch as no judgment against the debtor had been obtained and no execution issued and returned unsatisfied, the plaintiff could not maintain the action because of Illinois Revised Statutes, 1955, Chapter 22, § 49, requiring a judgment and an execution returned unsatisfied before such a bill can be sustained; that plaintiff has an adequate remedy in that she may prosecute her claim to judgment in a suit at law, and then, if she there suc-ceeds and the estate is insolvent, maintain her creditor's bill. The brief concludes that whether any suit could ever be. maintained is dependent upon plaintiff's first establishing her cause of action against the decedent debtor in a proper suit.

From the foregoing, it is clear, we think, that defendant, as well as the court, properly considered the suit as one to establish a debt against the deceased, and then to subject the property held by the bank and the insurance company to satisfaction of that debt. This, as the court said and as the defendant insists, is in the nature of a creditor's bill or a suit in equity to reach assets held by other persons.

We think the question presented is answered by our recent decision in Graff v. Nieberg, 233 F.2d 860. We there pointed out that under Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., where a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two may be joined in a single action, and that where plaintiff states a claim for money and one to have set aside a conveyance fraudulent as to him, he may do so, without first having obtained a judgment establishing his demand for money. As we said there, notwithstanding the previous rule that under certain circumstances judgment must be obtained and execution returned *nulla bona,* in view of Rule 18(b), there is no longer any necessity of first obtaining judgment, but that a plaintiff may pursue his demand for establishment of his debt and his suit to subject property in the hands of others to his demand in equity in one suit without further formality. We adhere to this rule. As the Court of Appeals for the District of Columbia said in Wynne v. Boone, 88 U.S.App.D.C. 363, 191 F.2d 220, at pages 224–225:

> "The Rule in abolishing any requirement of first securing judgment, necessarily strikes down any remaining vestige in the Federal courts of the old view that a creditor before bringing a suit to set aside a

fraudulent conveyance should not only hold a judgment but should also issue execution on it and wait until the writ had been returned unsatisfied.

\* . \* \* . \*

"The grantor-debtor, in a case of this kind, is in no moral or equitable position to resist the action by contending that the plaintiff should first have exhausted other remedies against him. To insist on that would commonly be to insist on the carrying out of a fruitless and idle gesture. See Empire Lighting Fixture Co. v. Practical Lighting Fixture Co., 2 Cir., 20 F.2d 295, 297."

In Armour & Co. v. B. F. Bailey, Inc., 132 F.2d 386, at page 387, the Court of Appeals for the Fifth Circuit said:

"Prior to the adoption of the rules of civil procedure, a creditor could not maintain an action to set aside a fraudulent conveyance in the federal court until he had reduced his claim to judgment. This rule was abrogated by Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which provides that claims previously cognizable only after another claim had been prosecuted to a conclusion may be joined together in a single action. By its express terms this rule contemplates a joinder of the action to set aside the conveyance with the action to establish the claim, the former being ancillary to and dependent upon the latter, \* \* \*."

■ Our decision and the cases cited dispose of the question, whether the suit be strictly a creditor's bill or a bill to set aside a fraudulent conveyance or one to reach assets within the district claimed to belong in equity to the plaintiff. As we pointed out, in Graff v. Nieberg, Title 28, § 1655, U.S.C., provides that where an action is brought to enforce a lien upon or a claim to property within the district, the court has jurisdiction to entertain the cause as an action in rem; that the jurisdiction depends not upon the citizenship of the parties but on the location of the property within the district and that other statutory provisions requiring that suits in personam be brought in the district court where either the plaintiff or defendant reside do not apply. As the court held and as defendant concedes, this suit is prosecuted upon the theory that the property claimed does not, in equity, belong to the deceased's estate or to the defendants but to the party making the claim. It is an attempt to reach, as the property of the plaintiff, in equity, funds held by others within the district. We think it clear that plaintiff had the right to maintain the action under Section 1655.

■ Defendant takes the position that the Illinois rule that a judgment must be obtained and an execution returned unsatisfied before a suit in the nature of a creditor's bill can be maintained is a substantive rule of property. This we think is clearly in error. Rule 18(b) of the Federal Rules of Civil Procedure is procedural in character and defines the remedy in federal courts. It involves not the substantive rights of the parties, but merely the form of procedure which plaintiff is permitted to invoke.

■ One further feature should be considered. The amended complaint avers that the estate of the decedent is indebted to plaintiff. Obviously the court had no jurisdiction of the estate. However, it is likewise obvious that in a proceeding under Section 1655, it is not necessary to have personal jurisdiction of the alleged debtor, for the action is not one in personam but one in rem. In a suit to subject property to an equitable lien in plaintiff's favor, jurisdiction attaches because of the presence of the res in the district. No personal judgment can be entered against the deceased, but the court may determine, as a preliminary to the claim for a lien on the rem, whether the plaintiff has a legitimate claim for money. If she fails in this respect, the entire suit fails; if she succeeds, she may have, not a personal judgment against the estate but a determina-

tion of the amount due and whether she has a lien upon the property or an equitable claim thereto. See Graff v. Nieberg, No. 11657.

 It has been suggested that since the point was not raised in the trial court that a remedy exists under Rule 18(b) and Section 1655, and neither the rule nor the statute were called to the attention of the district court this court should not invoke them. However, we are of the opinion that that fact does not prevent us from noticing and applying the pertinent rule and statute. Thus the Supreme Court has said that an appellate court reviews judgments not statements in opinions. Black v. Cutter Laboratories, 76 S.Ct. 824. The party's failure to call the trial court's attention to a relevant statute does not preclude the appellate court from considering it. Federal Deposit Ins. Corp. v. Vest, 6 Cir., 122 F.2d 765, certiorari denied 314 U.S. 696, 62 S.Ct. 414, 86 L.Ed. 557. A court of review may consider and construe a statute determinative of the case which was not specifically called to the attention of the trial court. Goodcell v. Graham, 9 Cir., 35 F.2d 586, affirmed 282 U.S. 409, 51 S.Ct. 186, 75 L.Ed. 415. See also Smith Engineering Co. v. Rice, 9 Cir., 102 F.2d 492, certiorari denied 307 U.S. 637, 59 S.Ct. 1034, 83 L.Ed. 1519, and Associated Indemnity Corp. v. Scott, 5 Cir., 103 F.2d 203. In Smith Engineering Co. v. Rice, 102 F.2d 492, at page 499, the court said:

"Appellee contends that our decision should not be placed on a ground not urged in the court below. The Supreme Court of the United States, however, has set the precedent for us in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In that case, petitioner and respondent both accepted as the law the rule stated in Swift v. Tyson, 16 Pet. 1, 41 U.S. 1, 10 L.Ed. 865. See pages 66, 68, of 304 U.S., 58 S.Ct. 817. It further appears from the dissenting opinion in 304 U.S. at page 88, 58 S.Ct. 827 that Erie R. Co. v. Tomp-

kins, supra, was decided without giving the parties opportunity to present arguments pro and con on the point raised by the court. Here the parties were given opportunity to present arguments on the point raised, and they have done so. We see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties."

Of course, on this appeal we are not concerned with the merits of the litigation. Those remain for the trial court's determination. However, we conclude that the court had jurisdiction; that the suit was properly lodged, and that the dismissal was improper. The judgment is reversed and remanded with directions to proceed in accord with the announcements contained herein.